Lee v. Tool Co.                    [Vol. 14 (N.S.)

### INJURY TO EMPLOYE IN UNGUARDED MACHINERY.

Circuit Court of Cuyahoga County.

ROBERT R. LEE v. STANDARD TOOL CO.*

Decided, June 8, 1908.

*Negligence—Master and Servant—Doctrine of Assumed Risk Abolished by the Act Relating to Unguarded Machinery—Limitation of Liability—Application of Section 1027, General Code, Relating to the Safe-Guarding of Machinery—Section 6243.*

1. The effect of Section 6243, General Code, providing that the risk of unguarded machinery shall be assumed by the employer, is to abolish the doctrine of assumption of risk by employes who continue in the service with knowledge, express or implied, of dangers in consequence of which they may suffer injury, if the sufferance of the source of danger amounts to a violation by the employer of a penal statute, state or national; and it follows that a petition by an injured employe, which alleges that he was without means of knowledge of the danger, but fails to allege that he was without equal means with the defendant of knowing the source of danger, or by the exercise of ordinary care would have known thereof, is not defective in a cause of action arising under said section.

2. Inasmuch as the limitation to $3,000 of damages for wrongful death resulting from failure to guard or protect machinery, creates no new cause of action, but may be invoked in any action involving employer's liability for injury to an employe, a petition praying for $10,000 is not an election not to invoke the limited liability contemplated by this act when the right of recovery depends solely upon its provisions.

3. The provision of Section 1027 as to the safe-guarding of machinery applies to a space of eighteen inches, on one side of which cog-wheels are revolving at the height of a man's coat; and although such space was not intended for nor used as a passage-way, an employe passing through such a space at the direction of the foreman comes within the protection of the statute.

*McGrath & Stern,* for plaintiff in error.
*Hoyt, Dustin, Kelley, McKeehan & Andrews,* contra.

---

* Affirmed without opinion, *Standard Tool Co.* v. *Lee,* 83 Ohio State, 501.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to common pleas court.

This was a personal injury damage case wherein a verdict for defendant was directed by the court. It is complained here that this action was taken by the court before plaintiff had rested, but an examination of the bill discloses the fact that plaintiff announced the conclusion of his evidence bearing upon the cause and maner of the accident before this action of the trial court was taken, and we find no error in this behalf.

The facts are as follows:

Plaintiff was an experienced employe in defendant's shop, and on October 4, 1906, he went into a room or department where many lathes were in operation and where he had been only once or twice before. He was in search of a certain tool, which, after some delay, he caught sight of and started to go by a passageway, around certain moving machinery, to get it. His foreman thereupon accosted him and ascertaining what he wanted, told him to go directly between certain lathes which stood fifteen or eighteen inches apart, and get the tool in question. In doing so his coat was caught in cogs that were revolving at the end of one of said lathes and he was severely injured.

The conversation with the foreman is not set up in the petition, but is alleged in the reply. Thus it has no bearing upon plaintiff's cause of action, but bears only upon the defense of contributory negligence set up in the answer. The petition, moreover, fails to allege that plaintiff was without equal means with the defendant of knowing the source of danger from which he suffered his injury, or that by the exercise of ordinary care he would not have known of the same, although it does allege that he was without knowledge thereof.

It is claimed, however, that notwithstanding this omission the petition states a cause of action under R. S., 4364-89c (General Code, 1027) and R. S. 4238o-1 (General Code, 6243, 6244). The former section requires, under penalty, that owners and operators of factories and workshops provide for "the enclosure of all exposed cog-wheels," and the latter section provides that:

"In any action brought by an employe, or his legal representative, against his employer, to recover for personal injuries, when it shall appear that the injury was caused in whole or in part by the negligent omission of such employer to guard or protect his machinery or appliances, or the premises or place where said employe was employed, in the manner required by any penal statute of the state or United States in force at the date of the passage of this act, the fact that such employe continued in said employment with knowledge of such omission, shall not operate as a defense; and in such action, if the jury find for the plaintiff, it may award such damages not exceeding, for injuries resulting in death, the sum of five thousand dollars, and for injuries not so resulting, the sum of three thousand dollars, as it may find proportioned to the pecuniary damages resulting from said injuries."

The effect of the section last quoted is in all cases to which it applies, to abolish the doctrine of the assumption of risk by employes who continue in the service with knowledge, express or implied, of dangers, in consequence of which they suffer injury, where the sufferance of such source of danger amounts to a violation by the employer of any penal statute, state or national; and in any such case the rule of pleading prescribed in *Chicago & Ohio Coal & Car Co.* v. *Norman*, 49 Ohio St., 598, can have no application.

If the cause of action pleaded and proved in the court below falls within the purview of these statutes, and there was no contributory negligence on the part of the plaintiff, the action of the court below in directing a verdict for defendant was erroneous and the judgment should be reversed.

It is said, however, that R. S., 4238o-1 does not apply to the case before us for two reasons: First, because plaintiff has elected not to invoke the limited liability contemplated thereby in praying for $10,000 damages instead of confining the amount demanded to the sum of $3,000 as in said section provided. Secondly, the petition alleges that he had no knowledge of the exposed cog-wheels, whereas said section contemplates only cases in which the employe continues in the employment "with knowledge" of the omission to comply with the statute in any such particular.

We are unable to accept this construction of the statute in question. It does not purport to create any new cause of action, but instead its provisions are applicable by its express terms "in any action brought by an employe * * * to recover for personal injuries," etc. The amount of recovery in such cases is indeed limited to $3,000 for one having knowledge of the absence of statutory safeguards, but the fact that plaintiff has prayed for more than, under this statute, he can recover, does not, we think, render a petition demurrable, when the right of recovery depends solely upon this section. Inasmuch as this section may be invoked "in any action" of employer's liability for injuries to his employe, there is no opportunity for election between the common law and a so-called statutory action. In many states where employer's liability codes have been enacted, such right of election is specifically reserved to the plaintiff, and it is undoubtedly true in all cases where a new right of action is created by statute to exist in addition to and parallel with similar common law actions, the plaintiff must elect between them, and having elected, be held to pursue his rights accordingly. But such is not the case here.

It is objected further that the evidence in the case before us clearly shows that there were "no exposed cog-wheels," within the meaning of R. S., 4364-89c. It is urged that if cog-wheels are left uncovered at some point near the ceiling of a room, where employes can not in the ordinary course of things come in contact with them, or when they are revolving elsewhere than upon the exterior of any machine, or indeed in any place where employes will not, in the due course of their employment be apt to come in contact with them, the statute does not apply. This contention is no doubt correct, but we are not able to say from the evidence adduced in this case, and we think the court below could not properly say, that such was the state of facts here. Of course a space fifteen or eighteen inches wide, on one side of which cog-wheels were revolving at the height of a man's coat, can hardly be said to be intended for a passageway, and the evidence introduced or offered here does not tend to show that prior to the happening of this accident this space

in fact was used as a passageway for employes; but it is in evidence that both plaintiff and his foreman thought proper for him to use it as such, and if the cogs had not been exposed, it is not unreasonable to suppose that a space fifteen or eighteen inches wide might safely be used as such.    To say that the revolving cog-wheels were in themselves a warning that the space was not intended for the purpose and must not be used by employes to walk through, is but to beg the question.    If anyone did go through there, the cog-wheels were manifestly exposed as to him.    Plaintiff says that he did not know that there were any exposed cog-wheels there, and if so, he did not know that this bar to the use of the space in question, as a passageway, to walk through, existed.

It remains, therefore, only to determine whether the court was justified in directing a verdict upon the theory that the plaintiff was, as a matter of law, guilty of contributory negligence.    We think, in view of his testimony that the foreman directed him to go through that space and that he had no knowledge of the uncovered cog-wheels, the conclusion can not be drawn as a mere a matter of law, that he was wanting in the exercise of ordinary care in taking this route.    It was rather a question of fact for the jury to determine.

We hold that the court below erred in directing the jury to return a verdict for the defendant, and the judgment of the court of common pleas is reversed and the cause remanded.